UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00114-M

WESTERN KENTUCKY ROYALTY TRUST                                   PLAINTIFF

V.

ARMSTRONG COAL RESERVES, INC., et al.                            DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's Motion for Final Summary Judgment [DN 85]. Also before the Court is Defendants' Request for Oral Argument [DN 97] and Plaintiff's Motion to File under Seal [DN 99]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion for summary judgment is **GRANTED** in part and **DENIED** in part; Defendants' request for oral argument is **DENIED**; and Plaintiff's motion to file under seal is **GRANTED**.

I. BACKGROUND

This dispute arose due to the parties' differing interpretations of a Settlement Agreement and certain Royalty Agreements. Specifically, the parties disputed: (1) whether Plaintiff is entitled to dual royalties for certain coal that was mined or extracted and subsequently sold from the Agreements' included properties; and (2) whether, under any circumstances, Plaintiff is entitled to royalties when the coal reserves mined or extracted were acquired by Defendants after July 25, 2008. The parties filed cross-motions for summary judgment on these issues.

On November 28, 2012, this Court entered a Memorandum Opinion and Order, granting in part and denying in part the parties' respective motions for summary judgment. The Court held that: (1) Plaintiff is entitled to a dual royalty when certain listed coal reserves are "extracted" from "real property" (i.e. when the reserves are extracted from a listed surface-tract); (2) Plaintiff is *not* entitled

to a royalty when coal is processed and cleaned after it has been extracted from the ground; (3) Plaintiff is *not* entitled to a royalty simply because coal is sold from certain properties; (4) Plaintiff is *not* entitled to a royalty for coal underlying a listed surface-tract; and (5) Plaintiff is *not* entitled to a royalty for subsequently-acquired coal (i.e. coal acquired by Defendants after July 25, 2008).

On December 7, 2012, Plaintiff filed this Motion for Final Summary Judgment, seeking: (1) a declaration further specifying when royalties are payable under the Court's Memorandum Opinion and Order; and (2) an award of money damages for coal mined by Defendants through specific dates and in specific amounts. On December 17, 2012, Plaintiff filed a supplement to this motion, seeking a declaration that any subsequent owner of a listed coal reserve or surface property is bound by the Royalty Agreements. On January 4, 2013, Plaintiff filed a second supplement, seeking a declaration that it is entitled to awards of reasonable costs and attorneys' fees. The Court addresses these issues below.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt

as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

#### PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT [DN 85]

Plaintiff raises four issues in its motion for summary judgment and supplements: (1) whether it is entitled to a dual royalty for certain coal that is "extracted" through a listed surface-only tract in connection with strip-mining; (2) whether it is entitled to a "surface royalty" when subsequently-acquired coal is extracted through a listed surface-only tract; (3) whether it is entitled to a declaration that the Royalty Agreements bind subsequent owners of listed coal reserves and surface properties; and (4) whether it is entitled to its attorneys' fees that were incurred in pursuing summary judgment.

#### A. DUAL ROYALTIES FOR COAL IN CONNECTION WITH STRIP-MINING

In its prior Memorandum Opinion and Order, the Court held that Plaintiff is entitled to a dual royalty when certain coal reserves are "extracted" from "real property." Specifically, the Court held that a dual royalty is owed when coal listed in the included reserves is extracted through a surface portal from a listed surface-only tract. Plaintiff argues that this holding necessarily extends to cases where Defendants strip-mine (or blow-up) the surface to remove the underlying coal through it. In

other words, Plaintiff argues that it is entitled to dual royalties regardless of the mining method used (strip or underground) whenever coal mined from a listed coal reserve is "extracted" from a listed surface tract. According to Plaintiff, "whether Defendants cut a portal hole in the surface in order to remove coal or whether they blow apart a void or excavate a pit in that surface in order to remove coal, Defendants are still undisputably extracting the coal from that surface." (Pl.'s Reply in Supp. of its Mot. for Final Summ. J. on Counts I and II of its Compl. [DN 98] 5.)

In response, Defendants first argue that Plaintiff is estopped from asserting claims for such royalties. In this respect, Defendants highlight that the only specific examples in Plaintiff's summary judgment memoranda discuss the extraction of coal through surface portals on listed surface-only tracts. Moreover, Defendants argue that the Court's prior holding does not extend to any royalties associated with strip-mining. According to Defendants, in the context of *underground* mining, the Court has held that the processes necessary to sever the coal from the seam are part of "mining," while the processes required to bring that coal to the surface where it can be loaded for transport constitutes "extraction." However, *surface* mining does not involve "extraction" separate from mining, as the strip-mining process necessarily encompasses the severance of coal from an exposed coal seam–and its immediate placement into trucks for transport. The Court finds Defendants' argument more persuasive.

The Court's prior holding does not extend to royalties associated with strip-mining processes. Unlike underground mining, strip-mining necessarily involves the removal of vegetation, soils, and rock from above a coal seam to expose the coal in the seam. At that point, the coal is severed from the seam and placed into trucks for transport. Thus, all the activity performed above the coal seam is an inherent, necessary, and integral aspect of the strip-mining process; there are not

4

two separate processes by which coal is severed and then separately brought to the surface. Accordingly, the Court finds that the process of "extraction" described in its prior Memorandum Opinion & Order does not occur in the context of strip-mining. As to strip-mining, only a single royalty associated with mining the coal is due. That royalty is payable on coal reserves if they are identified in the listed properties.

However, in its prior Memorandum Opinion & Order, the Court held that Plaintiff is entitled to a royalty when coal is extracted through a surface portal from a listed surface-only tract. Pursuant to this holding, the Court more specifically finds that Plaintiff is entitled to a dual royalty for the extraction of Ceralvo coal reserves through the Kronos Portal located on the Western Diamond tract listed at § 1(vii) of the Armstrong Royalty Agreement. Under Defendants' latest accounting, the unpaid royalties through December 31, 2012 amount to $451,519.41. The parties shall calculate any future royalties in a consistent manner, with Plaintiff receiving a $0.15 per ton Ceralvo coal royalty and a 0.5% Western Diamond surface royalty.

### B. "SURFACE ROYALTIES" FOR EXTRACTION OF SUBSEQUENTLY-ACQUIRED COAL

Plaintiff acknowledges that under the Court's prior Memorandum Opinion and Order, it is not entitled to a "coal royalty" when subsequently-acquired coal is extracted from a listed surface tract. However, Plaintiff argues that it is entitled to a "surface royalty" when such coal is extracted. According to Plaintiff, since the Royalty Agreements provide that Plaintiff is entitled to a royalty on "all coal" extracted from a listed surface tract and since the Court found that the Agreements entitle Plaintiff to a separate royalty where coal is extracted from a listed surface tract, any reading of the Settlement Agreement to preclude a "surface royalty" on subsequently-acquired coal extracted from a listed surface tract would conflict with the Agreements. However, as Defendants correctly

5

assert, the Court already addressed this issue in its prior Memorandum Opinion & Order. (Mem. Op. & Order [DN 82] 23.) For the reasons contained therein, the Court reiterates that Plaintiff is not entitled to either coal or surface royalties on subsequently-acquired coal extracted from a listed surface tract.

### C. DECLARATION THAT SUBSEQUENT OWNERS ARE BOUND

Plaintiff argues that is entitled to a declaration that any subsequent owners of the listed coal reserves and listed surface tracts are bound by the Royalty Agreements, as those Agreements state that they "shall be binding upon, and shall inure to the benefit of, not only the parties hereto but also all of their respective successors and assigns." (See Aff. of Martin D. Wilson, Ex. A [DN 31-4].) Defendants do not dispute that such subsequent owners are bound. Thus, the Court declares that any subsequent owner of the listed coal reserves and listed surface tracts are bound by the Agreements.[1]

### D. ENTITLEMENT TO ATTORNEYS' FEES

Plaintiff argues that it is entitled to an award of its attorneys' fees incurred in enforcing its rights under the Royalty Agreements. Defendants do not dispute this fact. Therefore, the Court finds that Plaintiff is so entitled. Importantly, however, the parties disagree as to how the computation of such fees should be effectuated. Thus, the amount will be determined by further motion and order.

### DEFENDANTS' REQUEST FOR ORAL ARGUMENT [DN 97]

Defendants have asked that the Court entertain oral argument on Plaintiff's motion for final summary judgment. The Court finds this request unnecessary due to the nature of the present issues, and due to the fact that the parties have presented numerous pages of briefing on the matters. Since

---

[1] While the Court makes this declaration, it finds it unnecessary to include the specific language proposed by Plaintiff. Plaintiff's proposed language unnecessarily addresses substantive matters related to the payment of specific royalties.

6

the Court believes that oral argument would be unhelpful, Defendants' request is **DENIED**.

### PLAINTIFF'S MOTION TO FILE UNDER SEAL [DN 99]

Plaintiff has moved the Court for leave to file under seal Exhibits B and C to its Reply in Support of its Motion for Final Summary Judgment. The exhibits contain references to confidential financial information and terms relating to the parties' transactions. Since the parties have agreed that such materials should be maintained as confidential, Plaintiff's request is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Final Summary Judgment [DN 85] is **GRANTED** in part and **DENIED** in part.  It is **GRANTED** as to Plaintiff's entitlement to: (1) a dual royalty for coal in connection with underground mining; (2) a declaration that the Royalty Agreements bind subsequent owners of listed coal reserves and surface properties; and (3) attorneys' fees that were incurred in enforcing its rights under the Royalty Agreements.  It is **DENIED** as to Plaintiff's claim for: (1) a dual royalty for coal in connection with strip-mining; and (2) "surface royalties" associated with the extraction of subsequently-acquired coal.   **IT IS FURTHER ORDERED** that Defendants' Request for Oral Argument [DN 97] is **DENIED**.

**FURTHER** that Plaintiff's Motion to File under Seal [DN 99] is **GRANTED**.

cc: counsel of record