# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:11-CV-00114-M**

**WESTERN KENTUCKY ROYALTY TRUST**                              **PLAINTIFF**

**V.**

**ARMSTRONG COAL RESERVES, INC., et al.**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants' Objection to WKRT's Proposed Final Summary Judgment [DN 127] and the Plaintiff's Motion to File under Seal [DN 131]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendants' Objection is **OVERRULED** and Plaintiff's motion is **GRANTED**.

### I. DEFENDANTS' OBJECTION TO WKRT'S PROPOSED FINAL SUMMARY JUDGMENT

On June 17, 2013, the parties tendered proposed judgments to the Court, as required by the Court's Order [DN 106] dated April 1, 2013. In addition to other amounts, WKRT's Proposed Final Judgment would award WKRT "pre-judgment interest (at the rate of 8% per annum) calculated . . . through the date of this Judgment . . . ." (Final Summ. J. [DN 124-1] 3.) On June 24, 2013, the Defendants objected to WKRT's Proposed Final Summary Judgment, arguing that the Court should not award pre-judgment interest to WKRT because the 2008 Armstrong-WKRT Royalty Agreement does not provide for liquidated damages.

In a diversity case, state law governs an award of pre-judgment interest. Poundstone v. Patriot Coal Co., Ltd., 485 F.3d 891, 901 (6th Cir. 2007) (citation omitted). "Under Kentucky law, if the claim is liquidated, interest follows as a matter of right, but if it is unliquidated, the allowance of interest is in the discretion of the trial court." Id. (citing Hale v. Life Ins. Co. of N. America, 795

F.2d 22, 24 (6th Cir. 1986). Kentucky courts rarely award pre-judgment interest on unliquidated claims on equitable grounds. See Ky. Comm. Mobile Radio Serv. Emergency Telecommc'ns Bd. v. TracFone Wireless, Inc., 712 F.3d 905, 917 (6th Cir. 2013) (citing Meridian Citizens Mut. Ins. Co. v. Horton, 2010 WL 1253084, at *9 (E.D. Ky. Mar. 25, 2010)).

The Kentucky Supreme Court described the difference between liquidated and unliquidated damages by stating that "in general 'liquidated' means 'made certain or fixed by agreement of parties or by operation of law.'" Nucor Corp. v. Gen. Electric Co., 812 S.W.2d 136, 141 (Ky. 1991).[1] By contrast, unliquidated damages are those "which have not been determined or calculated, . . . not yet reduced to a certainty in respect to amount." Id.

The Defendants argue that the 2008 Armstrong-WKRT Royalty Agreement does not provide for liquidated damages because neither the basis for calculating a percentage-based royalty nor the amount of such a royalty was established until the Court made its November 28, 2012 and February 21, 2013 rulings. In support, the Defendants rely on Kentucky Commercial Mobile Radio Service, in which the Sixth Circuit held that fees were unliquidated when neither the method of calculating fees nor the proper collection method were identified until the district court's judgment. 712 F.3d 905, 917 (6th Cir. 2013). According to Defendants, the issue decided by this case is similar: namely, what formula should be applied to determine the amount of royalties due on a given load of coal. For example, with respect to the Ceralvo coal reserves extracted through a portal on Western Diamond property, WKRT argued that royalties should be calculated by determining the Ceralvo fixed-price royalty and adding it to the Western Diamond percentage-based royalty. By contrast, the

---

[1] The Court listed common examples of situations when the amounts involved are liquidated. These include: "a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." Nucor Corp., 812 S.W.2d at 141.

2

Defendants argued that royalties should be calculated by determining only the Ceralvo fixed-price royalty.

WKRT counters that the 2008 Armstrong-WKRT Royalty Agreement provides for liquidated damages because the amount of its claim is ascertainable by reference to that Agreement. WKRT notes that the Royalty Agreement in this case contains specific mathematical formulas for calculating the amount of royalties that are owed when certain activities take place. According to WKRT, there is no uncertainty involved in these formulas or calculations. Instead, when a triggering event occurs, an ascertainable sum is due. WKRT proposes that the Court did not have to resolve any dispute as to the method used in calculating royalties because it was only asked to determine which particular instances qualified as triggering events (i.e. the situations in which royalties are owed at all).

The Court agrees with WKRT. Here, the Defendants denied that they owed a royalty on coal that was extracted from certain areas. However, the amount of the royalty associated with extracting this coal was never disputed; instead, it was always calculable by reference to the mathematical formulas in the Royalty Agreement. In other words, the Defendants never disputed the proper method of calculation; instead, they disputed which loads of coal would be subject to that method.

In <u>Kentucky Commercial Mobile Radio Service</u>, the plaintiff filed suit against a national provider of pre-paid wireless services to recover unpaid statutory fees for its customers' emergency 911 services. 712 F.3d at 908. The parties disputed the applicability and interpretation of a Kentucky statute and its amendments, which require wireless phone providers to collect emergency 911 fees on behalf of Kentucky. <u>Id.</u> The statutory language gave parties several different collection methods under which they could operate, each of which caused the generation of different amounts of fees.

Id. at 910–11. Thus, the method of calculating fees was itself in doubt under the applicable statutory scheme. Here, however, the Royalty Agreement did not give the Defendants options as to which royalties it would prefer to pay. Instead, the parties had an agreement under which WKRT was owed certain royalties. The basic question presented to the Court was whether WKRT was owed a royalty for separate triggering events. It was not whether the Defendants selected the correct calculation method under the contractual language. Since the calculation method (and thus the amount of the royalty associated with each triggering event) was not disputed, the Court finds that this case can be distinguished from Kentucky Commercial Mobile Radio Service. The Court holds that WKRT's claim was for liquidated damages. Accordingly, WKRT is entitled to eight percent (8%) interest, compounded annually, on the amount due under the Royalty Agreement. See Reliable Mechanical, Inc. v. Naylor Industrial Services, Inc., 125 S.W.3d 856, 857 (Ky. App. 2003) ("Absent a contractually agreed upon rate, the appropriate rate of interest is governed by statute. KRS 360.010 (setting the legal rate of interest in general) provides that the 'legal rate of interest is eight (8%) percent per annum.'"). The Defendants' objection must be overruled.

## II. PLAINTIFF'S MOTION TO FILE UNDER SEAL

Plaintiff has moved the Court for leave to file under seal Exhibit 2 and Composite Exhibit 4 to its Supplemental Notice of Filing Proposed Final Judgment. The exhibits reference confidential financial information and terms relating to the parties' transactions. Since the parties have agreed that such materials should be maintained as confidential, the Plaintiff's request is **GRANTED**.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendants' Objection to WKRT's Proposed Final Summary Judgment [DN 127] is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to File Under Seal [DN 131] is **GRANTED.**

Joseph H. McKinley, Jr., Chief Judge
United States District Court

July 16, 2013

cc: counsel of record