UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00114-M

WESTERN KENTUCKY ROYALTY TRUST                    PLAINTIFF

V.

ARMSTRONG COAL RESERVES, INC., et al.             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendants' Rule 59(e) motion to alter or amend [DN 192] the Court's July 17, 2013 final judgment [DN 134], which ordered that "final judgment be entered in a manner consistent with the rulings and declarations set forth in the Memorandum Opinions and Orders dated November 28, 2012 [DN 82], February 21, 2013 [DN 103], June 6, 2013 [DN 123], and July 16, 2013 [DN 133]." This matter is also before the Court on the Defendants' motion for stay of execution of judgment pending the Court's disposition of their Rule 59(e) motion [DN 194]. For the following reasons, the Defendants' motions are **DENIED**.

### A. MOTION TO ALTER OR AMEND [DN 192]

Motions to alter or amend judgments may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Grp., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, at * 1 (E.D. Mich. Jan. 7, 2009) (citation omitted); see also Browning v. Pennerton, 2008 WL 4791491, at *1 (E.D. Ky. Oct.

24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

Applying the above standard to the current motion, the Court denies the Defendants' motion to reconsider the merits of the case. The arguments raised in the Defendants' Rule 59(e) motion to alter or amend focus on the Court's misconstruing the Royalty Agreements. These same arguments were previously advanced by the Defendants and addressed by the Court. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." Gray v. Comm'r of Soc. Sec., 2006 WL 3825066, at *2 (E.D. Mich. Dec. 13, 2006) (citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). The Defendants may disagree with the Court's decision, but that is an issue for appeal, not reconsideration. Accordingly, the Defendants' motion to alter or amend [DN 192] is **DENIED**.

### B. MOTION FOR STAY OF EXECUTION OF JUDGMENT [DN 194]

Because the Court has ruled on the Defendants' Rule 59(e) motion to alter or amend its final judgment, the Defendants' motion to stay the execution of judgment pending the Court's ruling is moot. Accordingly, the Defendants' motion for stay [DN 194] is **DENIED**.

### C. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the Defendants' motion to alter or amend [DN 192] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' motion for stay [DN 194] is **DENIED** as moot.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

August 21, 2013

cc: counsel of record